## CORA R. EBERHART v. WALTER W. EBERHART.[1]

July 21, 1922.

No. 22,932.

**Divorce—error to cancel payment of accrued support money.**
1. Where a motion is submitted upon affidavits asking for the custody of a minor child, and the fixing of an amount for its support, the parents living apart under a decree of separation, it is error to relieve defendant from the payment of accrued support money and to dismiss the action.

**Husband relieved of support of child removed from state by the mother.**
2. Plaintiff having removed the child from the jurisdiction of the court, defendant should be relieved from contributing to its support, so long as it is kept without the state.

**On payment of accrued support money child should be returned to Minnesota to give father chance to visit him.**
3. Should defendant make payment of all accrued support money, the child should be returned to the state, where defendant may have the opportunity of visitation as provided by the former decree of this

[1]Reported in 189 N. W. 592.

court, custody to remain with plaintiff until the further order of the court.

After the former appeal reported in 149 Minn. 192, 183 N. W. 140, defendant moved for an order fixing the times within which he should have the right to visit his minor son and for a modification of the judgment in certain respects. The matter was heard by Comstock, J., who made findings, amended the judgment in favor of defendant, and dismissed the plaintiff's complaint. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed with directions.

*C. J. Laurisch* and *S. B. Wilson*, for appellant.

*H. L. & J. W. Schmitt* and *H. W. Volk*, for respondent.

QUINN, J.

A former appeal is reported in 149 Minn. 192, 183 N. W. 140. The judgment there under review was modified so as to award the custody of the child to the plaintiff under such regulations for visiting by the father and with such allowance for support as the trial court should order. When the case went down the trial court amended its judgment by giving the custody of the child to the defendant; by relieving him from payment of further support money to the plaintiff, whether accrued or unaccrued; and finally, by providing "that the complaint and action of the plaintiff herein be, and hereby is dismissed."

The hearing below was a reconsideration upon affidavits of the merits of the case and resulted in a dismissal of the plaintiff's cause of action. This is not permissible practice. The original judgment, awarding custody and giving support money, was authorized when the plaintiff failed to prove a ground for divorce. Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971. Whether the court could altogether relieve the defendant of accrued support money we need not inquire. Such relief was granted, but under very exceptional circumstances, in Hartigan v. Hartigan, 145 Minn. 27, 176 N. W. 180.

The plaintiff has taken the child from the jurisdiction of the court. So long as she keeps him without the jurisdiction the defendant should be relieved from the payment of support money to accrue in the future and that already accrued should not be enforced against him.

The judgment is reversed and the court below is directed to enter judgment that the defendant be relieved from the payment of support money accruing from the date of the judgment from which this appeal is taken, until the child is returned to this state, at which time the payments heretofore ordered for his support shall continue until otherwise ordered by the court, and relieving him, until said child is returned to this jurisdiction, from accrued instalments of support money.

Should defendant choose to relieve himself of his default, the child should be returned to this state, where defendant may have the opportunity of visitation. as provided by the former decree, custody still to remain with plaintiff as ordered in said decree until the further order of the court.

Reversed with directions.