## META GIEBLER FJELD v. SVERRE FJELD.[1]

December 31, 1937.

No. 31,463.

*Fitchette, Shama & Bainbridge,* for appellant.
*Henry G. Young,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal by defendant from an order adjudging him in contempt for failure, without justification, to comply with certain orders requiring him to pay to plaintiff, his former wife, a sum provided therein for alimony and the support of his minor children.

[1] Reported in 277 N. W. 203.

In October, 1932, plaintiff was granted a divorce from defendant for desertion. By the terms of the decree she was given the custody of the two minor children of the parties, with the right to defendant "to visit with his children at such times which are reasonable or have the children visit with him at his expense not to exceed 30 days during the summer vacation." The decree, as originally entered, required defendant to pay the sum of $20 a month "in support and for alimony to the plaintiff and her two children." On December 7, 1936, it was modified on plaintiff's application so as to require defendant after December, 1936, to pay to plaintiff $40 a month "as alimony and support money for the two minor children," and the modified order conditioned defendant's right of visitation of the children upon obedience to its provisions.

Defendant endeavored to purge himself of the contempt by offering evidence of his inability to comply with the conditions of the order. In support of this claim he showed that he was earning $86.68 per month as an employe at the State School for the Blind at Faribault; that subsequent to the granting of the divorce he remarried and that his fixed monthly expenditures for the support of his present wife and himself was the sum of $62, leaving only $24 each month over and above his actual expenses with which to make the payments required by the modified order. Defendant also contended that the only other property he possessed was a 1930 Marquette automobile worth about $50, which he used for the purpose of traveling to and from his work, a distance of approximately two miles. The trial court, after careful consideration of the case, found that defendant's failure to make payments in compliance with its order was without justification and adjudged him in contempt.

■ It is urged that upon the showing made it appeared that defendant had complied with the court's order to the best of his ability and that the court erred in finding him guilty of contempt. 2 Mason Minn. St. 1927, § 8604, in part provides:

"If the husband has an income from any source sufficient to enable him to pay such alimony or other allowance, and fails and refuses to pay the same, the court may order him to pay such ali-

mony or allowance for the use of the wife or the children, or both. And if any person or party shall disobey such order, he may be punished by the court as for contempt."

A party is not guilty of contempt of court in not paying alimony as ordered if he is unable to do so and did not voluntarily create the disability for the purpose of avoiding such payment. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728; Laff v. Laff, 161 Minn. 122, 200 N. W. 936.

The default being admitted, the burden was on the defendant to show inability to comply with the order. Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901; Laff v. Laff, 161 Minn. 122, 200 N. W. 936.

A defendant in a divorce action against whom an award for alimony and support of minor children has been decreed cannot, when he has voluntarily placed himself in a position where he is unable to conform to the court's order, purge himself of contempt for failure to comply with the order by establishing his inability to pay the instalments provided in the decree. Ryerson v. Ryerson, 194 Minn. 350, 260 N. W. 530.

Upon the record herein, the trial court was amply justified in finding that defendant had failed to purge himself of contempt. He assumed additional burdens by remarriage. While it was within his rights to remarry, he could not, in good faith, ask his former wife and his children to share the newly assumed burdens. The court in its memorandum said:

"On the record defendant was responsible for the breakup of his children's normal home, and if he is unable to pay the sums required of him by the orders above cited, this is due at least in a substantial measure to his voluntary assumption of new marital obligations. I cannot recognize this as a defense."

We approve the views so expressed. No other substantial reason was given for failure to comply with the court's order. The issue as to defendant's ability to comply with it was within the discretion of the trial court, and, as indicated, that discretion was correctly exercised.

At the hearing in the contempt proceedings defendant offered to show that at all times involved plaintiff kept the children of the parties outside of the jurisdiction of this court and in the state of Wisconsin. Relying upon Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592, it is urged that defendant should be relieved from contributing to their support as long as they are kept out of the state of Minnesota. No showing was made as to whether defendant ever requested the privilege of visiting the children in Wisconsin, and the court's memorandum would indicate that they were actually residing at a place nearer to defendant's residence than plaintiff's. Furthermore, it appears, and this from the court's memorandum, that plaintiff was required to maintain the children at the home of relatives in Wisconsin because of defendant's failure to provide support for them as required by the decree in the divorce action. The facts in the case of Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592, are entirely different from the facts in the instant case. There the mother apparently arbitrarily removed the children from the jurisdiction of the court, and it was held that the defendant be relieved from making payments required by the decree until the children were returned to the state. No such situation exists herein.

The order appealed from is affirmed.