## MARY. ANNETTE HASSE v. GLADYN FRED HASSE.[1]

December 15, 1950.

No. 35,233.

*Arthur A. Logefeil,* for appellant.

*Erling Swenson,* for respondent.

[1]Reported in 45 N. W. (2d) 383.

MAGNEY, JUSTICE.

Appeal from an order adjudging defendant guilty of contempt for failure to comply with the terms of a judgment in a divorce action. Appeal is also taken from a part of the same order which amended the decree relative to custody of a child.

Plaintiff was granted a divorce and given custody of the minor child of the parties, a boy seven years old. She was awarded $800 as and for a property settlement and alimony "to be paid" on a basis of not less than $100 a month. Defendant was also ordered to pay $11 per week for the support of the child. The judgment provided that as long as all payments were promptly made defendant was entitled to "reasonable visitations to this child."

The findings of fact and conclusions of law were dated May 31, 1949. They were stamped as being filed on that same day. For some undisclosed reason, judgment was not entered until September 15, 1949, *nunc pro tunc* May 31, 1949. The judgment roll was filed on September 15, 1949. On November 30, 1949, an order dated November 21, 1949, was served on defendant directing him to show cause why he should not be adjudged in contempt for his failure to comply with the judgment and decree "made and filed on the 31st day of May, 1949."

The evidence discloses that on July 1, 1949, defendant made a payment of $100 on the $800 award. No further payment was made on that item. The last payment for the support of the child was made on August 15, 1949, which was payment in full up to August 22. No judgment or decree had been entered at the time these payments were made, but defendant was familiar with the proposed terms thereof. Although no judgment or decree had been entered and although the statutory period of six months had not elapsed, even if the judgment and decree had been entered on the day findings were filed, plaintiff remarried in Carver county, this state, on August 20, 1949. In the application upon which the marriage license was issued, someone must have made false statements under oath or such license would not have been issued. Almost

immediately after her marriage, plaintiff left the state of Minnesota, taking the child with her. On August 25, 1949, defendant was informed that plaintiff had left the state, but not until the order to show cause was served on him did he know where she had gone or that she and the child were living in the state of Idaho. In her affidavit in support of her motion, plaintiff discloses that she resides with her husband *"at or near* the City of Lewiston, State of Idaho," and that the child is with her "in said State of Idaho." (Italics supplied.) At no time did plaintiff or the child communicate with defendant and disclose their place of residence. Even in her affidavit, plaintiff gives no definite post-office address. It is apparent that plaintiff deliberately kept information as to her whereabouts away from defendant. Upon the above-recited facts, the court found defendant guilty of contempt of court and sentenced him to six months in the workhouse. He was placed on probation for a year, conditioned on his making arrangements to take care of the arrearages.

Defendant was cited for contempt in failing to comply "with the final order, judgment and decree * * *, made and filed on the 31st day of May, 1949." The judgment, the terms of which defendant is charged with violating, did not come into being until September 15, 1949. Up to September 15, he had violated no order, judgment, or decree of the court. It is clear that he cannot be held in contempt for failing to comply with a nonexistent judgment or decree.

■ From the day the judgment was entered on September 15, 1949, until December 9, 1949, the day of the contempt order, no payments of any kind were made by defendant. During that whole period, plaintiff and the child were in the state of Idaho, outside the jurisdiction of the court, and its whereabouts was at no time disclosed to defendant. Up to the time the child was taken out of the state, defendant made weekly payments for its support.

In Eberhart v. Eberhart, 153 Minn. 66, 68, 189 N. W. 592, we stated:

"The plaintiff has taken the child from the jurisdiction of the court. So long as she keeps him without the jurisdiction the defendant should be relieved from the payment of support money to accrue in the future and that already accrued should not be enforced against him."

The rule was followed in Anderson v. Anderson, 207 Minn. 338, 291 N. W. 508. Of course, the facts in those cases differ from the facts in the instant case. Each case must be determined on its own facts. This is illustrated by Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203, where defendant was not relieved from paying support money because of plaintiff's action in keeping children with relatives outside the state when such action was necessary because of defendant's failure to make payments in accordance with the conditions of the divorce decree. The court distinguished the case from Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592. In the instant case plaintiff took the child to the state of Idaho. She made no request to the court for permission. She made it impossible for defendant to visit the child, a right which the judgment and decree gave him. Up to the time the child was taken out of the state, he made prompt weekly payments for its support. At no time did plaintiff give defendant any information as to the child's whereabouts. He was entitled to this information, and plaintiff deliberately kept it from him. In our opinion, defendant should be relieved from the payment of support money due up to December 9, 1949, when the judgment and decree was amended, and the court erred in finding defendant guilty of contempt of court.

■ Plaintiff was awarded $800 "as and for a property settlement and alimony." Defendant has paid $100 on this account. There is every indication that this sum was intended as a property settlement and not alimony. Defendant so admits in his brief. Although defendant should not be held for contempt of court for failure to pay the $700 which constitutes the balance due, he is not relieved from the payment of that sum. Plaintiff

is fully protected, as she has a lien therefor on defendant's real estate.

Defendant also appeals from that part of the order of December 9, 1949, amending the judgment and decree so as to permit plaintiff to have the child live with her in Idaho, continuing the custody in her, and requiring defendant to pay for the support of the child as specified in the judgment and decree. The court also amended the judgment and decree so as to give defendant the right and privilege to have the child with him one month each summer, under terms and conditions specified in the amendment. It is plain that the court had jurisdiction to amend the decree in the particulars above set out, and defendant is obligated to pay the designated amount set out in the original judgment and decree from and after December 9, 1949.

Order reversed in part and affirmed in part.