# BERNADETTE L. IVERSON v. HARVEY E. IVERSON.[1]

October 15, 1954.

No. 36,334.

*Bang & Nierengarten,* for appellant.
*Rodney A. Dunnette,* for respondent.

CHRISTIANSON, JUSTICE.

In a default proceeding in 1952, plaintiff was divorced from defendant on the grounds of cruel and inhuman treatment. The

[1]Reported in 66 N. W. (2d) 549.

divorce decree, dated July 2, 1952, awarded the custody of the three minor children of the parties to plaintiff, subject to the right of reasonable visitation by defendant. The decree contained no provision ordering support payments since the defendant was serving a term in St. Cloud Reformatory, but the court retained jurisdiction for the purpose of dealing with the support matter when the defendant should again become gainfully employed. In June 1953, several months after defendant was released from the reformatory, plaintiff took the children to California where she had obtained employment. In December of 1953, she moved the court for a modification of the original divorce decree to expressly permit her to reside in California with the children and receive support payments. On December 16, 1953, the court granted the requested relief and ordered the defendant to contribute thereafter to plaintiff $20 per week toward the support of their three minor children. The court further ordered that defendant should have the right of reasonable visitation with said children at the home of plaintiff in California "until such further order of the court with respect to said right of visitation." Defendant appeals from the amended judgment and decree entered pursuant to this order.

Defendant contends that the court erred in ordering the support payments since the plaintiff's act in removing the children to California deprived him of the right of visitation granted to him by the original divorce decree. In support of this contention, the defendant directs our attention to Eberhart v. Eberhart, 153 Minn. 66, 68, 189 N. W. 592, where this court, in holding that a father was relieved from the duty to pay support while his child was kept out of the state by the mother, stated:

"The plaintiff has taken the child from the jurisdiction of the court. So long as she keeps him without the jurisdiction the defendant should be relieved from the payment of support money to accrue in the future and that already accrued should not be enforced against him."

However, in the Eberhart case the allowance for support was based on a decree of separation which was rendered before removal of the

child from the state was contemplated either by the court or by the parent having custody, and the decree therefore did not expressly permit the removal. A similar holding is found in Anderson v. Anderson, 207 Minn. 338, 291 N. W. 508. There, this court held that a mother who violated the terms of a divorce decree which expressly prohibited her from taking the child out of the jurisdiction was not entitled to enforce the support provisions of the decree against the father so long as she kept the child out of the state. We are aware that some courts have adopted a position contrary to that which is found in the Eberhart and Anderson cases,[2] but the rule of these cases is well established in this state, and we are not disposed to change it.[3]

To apply the Eberhart and Anderson cases to the facts of this case would involve an unreasonable extension of their doctrine. Even if it is conceded that plaintiff's act in removing the children to California violated the original divorce decree by making visits so impractical as to amount to a denial of the visitation rights accorded to defendant, plaintiff did not request, and the court did not award, accrued support for the period during which the children were kept outside the state in violation of the original decree. Under the doctrine of the Eberhart case, it would have been improper for the court to do so. The court merely ordered support payments to begin from the date of the amended decree which permitted plaintiff to reside outside the state with the children. Obviously, from the date of its amendment, plaintiff was no longer in violation of the divorce decree, and the only question which remains is whether the court could properly amend the decree to require defendant to pay support thereafter while at the same time permitting plaintiff and the children to live without the state.

---

[2] See, 35 Minn. L. Rev. 492, 493.

[3] Cf. Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203, where the Eberhart case was distinguished and a father was not relieved from paying support money because the removal of the children from the state was necessary due to his failure to make support payments in accordance with the divorce decree.

We hold that the court did have this power. M. S. A. 518.18 in defining the powers of the court in custody matters provides:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

In addition to this general statutory grant of power, the action of the trial court complained of in this case was expressly approved by this court in Hasse v. Hasse, 232 Minn. 234, 45 N. W. (2d) 383. We there held that although a father could not be held in contempt of court under the original decree for failure to pay support for the period in which the mother resided with the child outside the jurisdiction, he, nevertheless, was obliged to comply with the amended decree which expressly authorized the mother to live outside the state and ordered the father to pay support from the date the decree was amended. In answering the objections of the father to the amended decree we said (232 Minn. 238, 45 N. W. [2d] 385) :

"Defendant also appeals from that part of the order of December 9, 1949, amending the judgment and decree so as to permit plaintiff to have the child live with her in Idaho, continuing the custody in her, and requiring defendant to pay for the support of the child as specified in the judgment and decree. The court also amended the judgment and decree so as to give defendant the right and privilege to have the child with him one month each summer, under terms and conditions specified in the amendment. It is plain that the court had jurisdiction to amend the decree in the particulars above set out, and defendant is obligated to pay the designated amount set out in the original judgment and decree from and after December 9, 1949."

We hold that the amended judgment and decree ordering defendant to make support payments beginning with the date the original decree was amended to permit plaintiff to reside with the minor children outside the jurisdiction was a proper exercise of the district

court's discretionary power in custody matters. Furthermore, in view of the showing made and the fact that the three minor children of the parties were only five, six, and seven years of age, we find no basis for defendant's contention that the amendment with respect to visitation rights constituted an abuse of judicial discretion.

Amended judgment and decree affirmed.

MR. JUSTICE NELSON took no part in the consideration or decision of this case.