# BEVERLY LOIS GANNON, NOW KNOWN AS BEVERLY LOIS PIEPER, v. ROBERT LAURENCE GANNON.

102 N. W. (2d) 677.

April 29, 1960—No. 37,899.

58

*William L. Phillips,* for appellant.
*Robins, Davis & Lyons* and *Sidney S. Feinberg,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court amending a judgment entered in a divorce action between the parties as to alimony, support money, and the husband's right of visitation of the minor children, custody of whom had been awarded to the plaintiff wife.

Pursuant to the divorce decree the defendant husband was required to pay $115 per month as alimony to the wife and $45 per month as maintenance and support for each of the parties' three children. The

oldest child, Gary, 13 years of age, is the wife's son by a previous marriage and was legally adopted by the defendant. Two younger children are the issue of the marriage.

The plaintiff wife remarried about 2½ years after the divorce decree was entered. This event terminated the husband's obligation to pay alimony. The defendant husband felt that the conditions of visitation of the minor children had not been satisfactory, and he thereafter moved for an order of the court amending the decree "to specifically spell out and delineate the right of liberal visitation of the minor children of the parties and the right of the defendant to have said children visit with him"; for other changes not pertinent here; and "For such other and further relief as to the court seems just and equitable between the parties." The plaintiff wife filed a cross-petition asking among other things that the court provide specifically the day and hours during which the defendant might have the children of the parties for the purpose of visitation subject to modification by any agreement which the parties might make between themselves. Her petition also asked that the support money be increased from $45 per month to $100 per month for each child.

It is agreed that there is substantially no change in the financial status of the defendant husband or in his ability to pay support money. It is also agreed that it is within the husband's financial ability to make larger payments for support of the children. After full hearings the district court ordered that the decree be modified to read:

"* * * That for a period of not less than six months from this date, Gary shall not be obliged against his wishes to visit with the defendant; [and] that after said six month period the Department of Court Services shall make an investigation concerning the then relationship between Gary and the defendant, and report the same to this Court, with the understanding that if the welfare of the child is served by such visitation, that the same shall be provided at such times and under such circumstances as the Department finds it to be for the best interests of the child, with the understanding, however, that either party may move this Court for a contrary ruling."

The order further provided that the husband's monthly payments for support of Gary be reduced to $20 a month and that the wife's motion for increased support payments for the two younger children be denied.

■ The plaintiff contends that the district court lacked jurisdiction to order a reduction in payments for the support of Gary since neither she nor the husband petitioned for such an order as required by statute.[1] The district court's jurisdiction does not extend beyond the power actually delegated to it by statute. Kienlen v. Kienlen, 227 Minn. 137, 34 N. W. (2d) 351; Papaik v. Papaik, 235 Minn. 393, 51 N. W. (2d) 68. In the proceedings before us both parties petitioned for modification of the decree of divorce. The court was called upon to reconsider both the defendant's visitation rights and the support and maintenance provisions of the original decree. Here both parties were given adequate notice of the matters to be considered by the court as well as an opportunity to be heard on them. Thompson v. Thompson, 238 Minn. 41, 55 N. W. (2d) 329. While the husband's petition did not specifically ask for a reduction in support payments for Gary, the court's power under M. S. A. 518.18 and 518.64 was sufficiently broad to permit consideration of the entire matter including a reduction as well as an increase of the amount of the payments. Under the circumstances we are of the view that the district court had jurisdiction to make whatever orders it deemed appropriate regarding the matter of support and maintenance of the parties' children.

■ The plaintiff further contends that the order must be set aside because the court abused its discretion in reducing the amount payable for support and maintenance of the eldest child, Gary. She argues that the obvious conclusion to be drawn from the order is that the court felt that the reduction in the amount the husband was required to pay was justified by the amendment which suspended the right of visitation

---

[1] Both M. S. A. 518.18 and 518.64 appear to govern the modification of child-support provisions of a divorce decree. We need not decide whether or not only one of them is controlling since, so far as this case is concerned, their material provision is nearly identical—the court may from time to time, *on the petition of either parent,* revise and alter the original decree.

and because the minor was the defendant's adopted child and not his natural child. She argues that we must necessarily conclude therefrom that the order was based upon an erroneous assumption of law that suspension of the right of visitation may limit the father's responsibility for maintenance and support.

In considering this objection it must be agreed at the outset that the primary concern of the court in considering questions of custody, support, and visitation must be the welfare of the child. The father's responsibility to support an adopted child is the same as his responsibility to support a child of his own blood. Under § 259.29 it is clearly provided that upon adoption a child "shall become the legal child of the persons adopting him, and they shall become his legal parents with all the rights and duties between them of natural parents and legitimate child."

Nor can it be stated as a general proposition that the obligation to provide for maintenance and support of the child must necessarily depend upon rights of visitation. There may be circumstances, as witness State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N. W. (2d) 13, where a husband may be relieved from payment of support money because the wife having custody of the child removed to a distant state without the court's approval or without the husband's consent, which removal frustrated the husband's right of visitation. Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547. This decision, however, in no way lessens the force of the well-established principle of law that it is the primary duty of the father to support the minor children in a manner suitable to his station and circumstances. Fruen v. Fruen, 228 Minn. 391, 398, 37 N. W. (2d) 417, 421; Quist v. Quist, 207 Minn. 257, 290 N. W. 561. We believe that a district court would abuse its discretion by amending a divorce decree reducing support and maintenance payments solely because of a change in the father's rights of visitation. The father's responsibility for the support of his child is not conditioned upon that right, even though it is recognized that that right is very important both to him and to the child.

However, a court may suspend support payments or relieve a party from an obligation for payments accrued during the period when

the other party has violated the divorce-decree visitation rights, so long as the welfare of the child does not require continuation of those payments. Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592; Anderson v. Anderson, 207 Minn. 338, 291 N. W. 508; Levell v. Levell, 183 Ore. 39, 190 P. (2d) 527.[2]

■ In passing upon the question as to the abuse of the court's discretion in reducing support and maintenance payments, we must be guided by the fundamental rule of appellate procedure that the determination of a trial court of a matter resting in its discretion will not be reversed on appeal except for clear abuse of that discretion. "This discretionary power of the trial court must be exercised judicially, with close regard to all the facts of the particular case and in furtherance of justice. * * * In determining whether abuse of discretion is shown the supreme court construes the findings of the trial court in the light of the record." 1 Dunnell, Dig. (3 ed.) § 399; Fruen v. Fruen, 228 Minn. 391, 395, 37 N. W. (2d) 417, 419.

■ The record in this case consists of the petitions of the parties, their affidavits, and a report of the Hennepin County Department of Court Services, Domestic Relations Division. This report was submitted to the court pursuant to a stipulation entered between the parties. It was made available to counsel to examine, and they were given the privilege to file objections to it. None was filed. On the basis of the record which the trial court had before it there was evidence from which the court could fairly find that the exercise by the husband of his right of visitation gave rise to serious conflicts between the parties and the elder child particularly. The husband feels that the full exercise of his visitorial rights is necessary to the welfare of the children. The mother, on the other hand, apparently regards his interest in the children as a disruptive influence in the life of her new family. The child, Gary, appears to have conceived an aversion for defendant and

---

[2]Of course the court also may, consistent with its broad discretionary power, modify the decree to rescind the right of visitation, permit the child to live with the mother in a foreign jurisdiction, and still require support payments. Hasse v. Hasse, 232 Minn. 234, 45 N. W. (2d) 383; Iverson v. Iverson, 243 Minn. 54, 66 N. W. (2d) 549.

refuses to visit with him. The court having the entire record before it could have come to the conclusion that this circumstance was not entirely of the father's making and that the mother may well have exercised her influence to have her present husband take the place of the father in the boy's life. If, as the court apparently felt, the mother succeeded in preventing the father from enjoying his rights of visitation with the child, we should hesitate to say that there was an abuse of discretion in reducing the father's support-payment obligation during the time this condition existed, providing, of course, that the welfare of the child does not require the continuation of those support payments.

It should be noted that the court's order contemplates a review of the issue of visitation after a period of 6 months. If it appears after the lapse of that period that the welfare of the child requires a greater financial contribution from the father, there is no reason why that matter may not also be considered.

■ The plaintiff next contends that the court erred in denying the motion for increased payments for the support and maintenance of each of the parties' three children. From the record it appears that the financial circumstances of the husband would warrant a substantially larger allowance for support money, and if the court had increased those amounts, the order would not be disturbed. Quist v. Quist, 207 Minn. 257, 290 N. W. 561. Since there is no hard-and-fast rule which a trial court must follow in determining support payments, we must assume that the trial court in the exercise of its discretionary powers arrived at a reasonable amount in view of all of the circumstances. A careful reading of the record before us does not compel the conclusion that the court abused its discretion in not increasing the amount of the allowances. Senn v. Senn, 254 Minn. 294, 95 N. W. (2d) 27.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.