## VICTORIA MICHALSON v. EMORY MICHALSON.

116 N. W. (2d) 545.

August 3, 1962—No. 38,553.

*Stein & Stein,* for appellant.
*Fena & Nasi,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court requiring the defendant husband to pay support money for his minor children. The wife was granted custody of the two minor children by a decree of divorce. She later remarried and with the children moved from this state. The defendant contends that he has been denied right of visitation of his children and is excused from payment of support money under authority of Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592. The trial court was of the view that the removal of the children from this jurisdiction did not excuse the husband's failure to provide for their support.

From the record it appears that by a default divorce decree entered February 28, 1959, the wife was awarded an allowance of $75 monthly for the support of the children. She was also awarded custody of the children "subject to the right of reasonable visitation" by the husband. Later the wife married a sergeant in the United States Army who was transferred to a post in Japan. She and the children moved to Japan with the husband about September 1, 1960. She did not secure a court order permitting her to take the children from the state nor did the husband consent, although the record indicates that he was aware of the possibility that she would leave the state with the children and did not object. The divorce decree contained no specific prohibition against taking the children out of the state. The husband made all of the required payments up to September 1, 1960, but none thereafter.

The matter came before the trial court on an order to show cause why the defendant should not be held in contempt for failure to pay support money. The issues were submitted on affidavits. The court found that the defendant was not in contempt but ordered the defendant "to pay from this time on the amount required in said judgment and arrears from September 1, 1960."

■ We have recognized that, where a husband's visitation rights are denied by the wife's wrongfully taking the child out of the state, the husband's duty to make support payments pursuant to the divorce decree will be temporarily suspended. State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N. W. (2d) 13; Hasse v. Hasse, 232 Minn. 234, 45 N. W. (2d) 383; Eberhart v. Eberhart, *supra*.[1] These authorities have valid application under circumstances where the wife by wrongful or malicious conduct deprives the husband of his right of visitation, or where the husband is not informed of the removal or the whereabouts of the child. The rule in the Eberhart case to the effect that a husband is relieved of his obligation to pay support money by the wife's removal of the child to another state is not a hard-and-fast rule which must have strict application in each case. The husband's obligation to pay support money must depend upon the particular facts in each case and must be viewed in light of not only the welfare

---

[1]Annotation, 105 A. L. R. 901, note III; 35 Minn. L. Rev. 492.

of the child but the father's primary obligation to provide for his support. Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203; Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547.

In the more recent case of Gannon v. Gannon, 258 Minn. 57, 102 N. W. (2d) 677, we pointed out that it cannot be said as a general proposition that the obligation to provide for maintenance and support of the children must solely depend upon the right of visitation. We there said (258 Minn. 61, 102 N. W. [2d] 680):

"* * * The father's responsibility for the support of his child is not conditioned upon that right, even though it is recognized that [it] is very important both to him and to the child."

We there pointed out that the decision in State of Illinois ex rel. Shannon v. Sterling, *supra*, "in no way lessens the force of the well-established principle of law that it is the primary duty of the father to support the minor children in a manner suitable to his station and circumstances."

■ In the case before us the trial court, in addition to requiring future payments, determined that those payments which accrued during the interval between the wife's departure from the state and the making of the order would not be abated. This action may be explained by the fact that, while the proceedings were instituted to compel the husband to make payments in accordance with the divorce decree, they were in effect treated by the court as an application by the wife to revise the provisions of the decree relating to the custody and maintenance of the children under authority of Minn. St. 518.18, which provides:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

The trial court determined that there was no good excuse for the husband's failure to continue making payments as required by the divorce decree, and it is implicit in its order that the children may now

reside with the mother outside this jurisdiction. The trial court further determined that the husband was not relieved of his obligation to make the payments which accrued between the date of the wife's departure and the date of his order.

It is well recognized that a petition to modify the provisions of a divorce decree is addressed to the sound discretion of the court. This discretion is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those in which they were when the decree was rendered. The decision will be reversed only for an abuse of discretion and not simply because as a court of review we would have arrived at a contrary result had we heard the matter de novo. Larkin v. Larkin, 261 Minn. 414, 113 N. W. (2d) 75; Mark v. Mark, 248 Minn. 446, 80 N. W. (2d) 621; Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913; Mansfield v. Mansfield, 230 Minn. 574, 42 N. W. (2d) 315; Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547.

From the abbreviated and unsatisfactory record upon which the court had to make its determination, we cannot fairly say that the court came to the wrong conclusion. Apparently the trial court felt that the husband was not so much interested in maintaining his right of visitation as he was in being relieved of the obligation to make support payments. We do not understand that our decisions permit a husband to escape responsibility for supporting his children by waiving rights of visitation. The court may well have determined that when the wife's husband was transferred to Japan she had little choice other than to accompany him and take the minor children with her. We are accordingly of the view that on the record as a whole the court could find that the wife's conduct was not wrongful so as to justify an abatement of delinquent support payments or to excuse future payments.

Respondent is allowed $200 attorneys' fees in this court.

Affirmed.