# ELIZABETH C. RYAN v. SHERWOOD W. RYAN. WARREN SPANNAUS, ATTORNEY GENERAL, INTERVENOR.

219 N. W. 2d 912.

June 21, 1974—Nos. 44064, 44368.

*Castor, Ditzler & Klukas* and *Austin D. Ditzler*, for appellant.

*Ruttenberg, Orren, Griswold & Norton, Kenneth P. Griswold*, and *Harold E. Ruttenberg*, for respondent defendant.

*Warren Spannaus*, Attorney General, *Jonathan H. Morgan*, Solicitor General, and *William H. Kuretsky*, Special Assistant Attorney General, for respondent intervenor.

Heard before Sheran, C. J., and Todd, MacLaughlin, and McRae, JJ., and considered and decided by the court.

TODD, JUSTICE.

Plaintiff appeals from two orders of the Ramsey County District Court which denied her motions for orders modifying, rejecting, or recommitting with instructions, two reports of the referee of the Family Court Division. In orders recommended by these reports, plaintiff was allowed to retain custody of the minor child of the parties but was refused consent to remove the child to the State of Ohio. Alimony and support provisions of the original decree were suspended for so long as plaintiff remained outside of the State of Minnesota and effectually denied to defendant his visitation rights under the divorce decree. We affirm in part, reverse in part, and remand for further proceedings.

The parties were married in 1946 and divorced in 1966. Two children were born of the marriage, one who is presently emancipated, and the other, a son, who is the subject of the present discord between the parties. The divorce was granted pursuant to a stipulation and property settlement agreement reached by the parties. Under the terms of the divorce decree, plaintiff was awarded custody of the children and granted $200 per month support for each child and $600 per month alimony. Defendant was granted extensive and comprehensive visitation rights which

he faithfully exercised. He made all alimony and support payments punctually until the present dispute.

The parties' son was born October 22, 1958, and was 7 years old at the time of the divorce. Defendant has remarried since the divorce and has no children from that marriage. He and his present wife have built a new home and have a lake home, each of which provides separate bedroom facilities for the son during his visits. Defendant has been a successful businessman, able to provide many material advantages to his son, but the record discloses that his interest and concern for his son go beyond material considerations.

Plaintiff, to her credit, has furthered her education and has received a bachelor of science degree from the University of Minnesota. She has accepted employment with the Federal Government, and in July 1972 commenced work with the Federal Bureau of Narcotics and Dangerous Drugs in Cincinnati, Ohio.

On May 25, 1972, plaintiff's attorney notified defendant's former attorney by letter of plaintiff's acceptance of a Federal job offer and her intent to seek permission from the court to remove the minor child from the state. On July 19, 1972, plaintiff's attorney sent a second letter to defendant's former attorney advising him of plaintiff's assignment in Cincinnati and of her intention to take the child with her on July 24, 1972, and requesting defendant's consent to the removal. On July 24, 1972, defendant's present attorney notified plaintiff's attorney that defendant would not consent to the removal.

On August 1, 1972, plaintiff brought a motion for an order permitting the removal of the minor child to Ohio. The motion was heard by the referee of the Family Court Division of the Ramsey County District Court. Pursuant to the referee's recommendations and findings, the court on September 1, 1972, entered an order denying plaintiff's motion, and also denying defendant's motion that he be awarded custody of the minor child. In a memorandum accompanying that order, the court stated that plaintiff's true reason for acceptance of employment in Ohio was

for personal self-fulfillment and that under the financial circumstances of the parties and particularly those of plaintiff, no substantial improvement in the financial situation could be shown by the acceptance of the Federal employment. Nevertheless, the court allowed custody to remain with plaintiff because of the minor son's strong preference, apparently indicated to the court in an in camera proceeding.

On September 8, 1972, plaintiff moved the court for an order modifying, rejecting, or recommitting the referee's report of September 1, 1972. On September 12, 1972, defendant moved the court that he be relieved of all obligations of paying alimony or support until such time as plaintiff returns the minor child to the jurisdiction of the court. He also renewed his motion for custody of the minor child. On October 4, 1972, an order was entered holding in abeyance defendant's motion pending determination of plaintiff's motion and further ordering defendant to deposit the amount for support and alimony in a bank account until final determination of the matters before the court. On October 17, 1972, the court entered its order denying plaintiff's motion of September 8. An appeal to this court was filed from that order. On motion before this court, the matter was remanded to the district court for determination of defendant's motion so that both matters could be considered in the same appeal. On March 23, 1973, the district court, adopting the referee's findings and recommendations, entered its order relieving defendant of his obligation to pay alimony and support to plaintiff until such time as plaintiff returns the minor child of the parties to Minnesota and releasing to defendant the funds deposited in escrow pursuant to the court's order of October 4, 1972.

On April 26, 1973, the district court entered its order denying plaintiff's motion for an order modifying, rejecting in part, or recommitting with instructions the referee's report of March 23, 1973. An appeal was taken to this court.

Plaintiff contends that the court's order of September 1, 1972, arbitrarily, unreasonably, and without sufficient evidentiary

basis refuses to allow removal of the minor child from the state. She further contends that the order of March 23, 1973, arbitrarily, unreasonably, and without sufficient legal or evidentiary basis relieves defendant of the obligation of support and alimony until the minor child is returned to Minnesota. Finally, plaintiff contends that the statutory provision of Minn. St. 518.175 regarding removal of a minor child in a divorce proceedings without consent or order of the court is unconstitutional as an infringement upon her right to travel. With respect to that issue, plaintiff properly served notice upon the attorney general, who intervened in these proceedings and filed a brief regarding the constitutional aspects of plaintiff's appeal.

■ Under previous Minnesota decisions, the trial court, under the particular facts of each case, is vested with wide discretion in determining whether a parent may be relieved of his obligation for support of the minor children of the parties where the custodial parent removes the minor children to another jurisdiction so as to effectually divest the supporting parent of visitation rights granted him under the decree. Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592 (1922); Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203 (1937); Anderson v. Anderson, 207 Minn. 338, 291 N. W. 508 (1940); Hasse v. Hasse, 232 Minn. 234, 45 N. W. 2d 383 (1950); State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N. W. 2d 13 (1956); Gannon v. Gannon, 258 Minn. 57, 102 N. W. 2d 677 (1960); Michalson v. Michalson, 263 Minn. 356, 116 N. W. 2d 545 (1962); Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968); Smith v. Smith, 282 Minn. 190, 163 N. W. 2d 852 (1968).

Our decisions in Fish and Smith reviewed our case history which led to the development of present Minnesota law, and there is no need to reiterate that history. However, as we indicated in Smith, any determination by the trial court relieving the supporting parent of his obligation must necessarily include a finding that such an order is not detrimental to the best interests of the children involved. No such specific finding has been made

in this case. We regard such a determination as essential in the disposition of the matter before us. Wallin v. Wallin, 290 Minn. 261, 187 N. W. 2d 627 (1971). That portion of the March 23, 1973, order relieving defendant of the obligation to pay support until plaintiff returns the child to Minnesota must therefore be vacated and the matter must be remanded to the trial court for a determination of this issue. In such proceedings, the burden of proof is on the custodial parent to establish the detrimental effect of the court's order suspending support payments for the minor child. In making its determination, the court must always be guided by the best interests of the child, Wallin v. Wallin, *supra.*[1]

However, the parents themselves should not allow personal animosities to interfere with their obligation to act in the best interests of the child. Circumstances can change and both parents always have the right to seek amendment of the court's order. The obligation of the parents toward their child will hopefully preclude frivolous motions before our courts.

■ The parties concede that there is no Minnesota decision determining the right of the court to suspend payment of alimony where the custodial parent removes the minor child outside the jurisdiction of the court contrary to the court's order. We agree with the decision of the trial court, and former opinions of this court forecast such a result. In Anderson v. Ander-

---

[1] In considering motions for removal of a child outside the jurisdiction of the state or for support of children who have been removed outside the jurisdiction of the state, our trial courts are further obliged to consider, in the exercise of their discretion, the legislative mandates included in Minn. St. 518.175, subds. 3 and 4, which provide as follows: "Subd. 3. The custodial parent shall not move the residence of the child to another state except upon order of the court or with the consent of the noncustodial parent, when the noncustodial parent has been given visitation rights by the decree.

"Subd. 4. Proof of an unwarranted denial of or interference with duly established visitation may constitute contempt of court and may be sufficient cause for reversal of custody."

son, *supra*, the wife, who had been awarded custody of the parties' child, sought to recover support money withheld while she kept the child from the jurisdiction of the court. We said (207 Minn. 340, 291 N. W. 509):

"* * * Defendant's contention in its essence is that the decree, though valid, cannot be the foundation for an order compelling him to pay plaintiff since she has placed herself in such a position by her conduct that she cannot now ask the court to invoke its processes for her benefit. A court should hesitate to grant relief to one who has intentionally violated a material provision of the decree which is sought to be enforced against another. Judicial power is vested in courts to aid those who merit relief. Conduct such as plaintiff has been guilty of certainly does not commend itself. There was no error or mistake on her part but rather a deliberate and intentional act. While there is no doubt that plaintiff could be punished for contempt if jurisdiction could be acquired, we do not think that this is the exclusive process."

We again referred to the equitable nature of the proceedings and the doctrine of "unclean hands" in Smith v. Smith, *supra*. The North Dakota court in the case of Olson v. Olson, 76 N. D. 553, 38 N. W. 2d 32 (1949), had occasion to consider the precise issue before this court. That court, citing Anderson v. Anderson, *supra*, said (76 N. D. 557, 38 N. W. 2d 34):

"* * * Thus the plaintiff ensconced beyond the border of the State of North Dakota, flouts the order of the North Dakota Court, and in the same breath asks that court to enforce through contempt proceedings the award of alimony made by the court in the same judgment pursuant to which the order which she herself refused to obey was made. Clearly she is not entitled to the relief which she thus seeks."

We hold that under the facts of this case the trial court did not abuse its discretion in suspending the alimony payments due from defendant to plaintiff while she refused to obey the order

of the court forbidding removal of the parties' child from the jurisdiction of the court.[2]

■ Plaintiff also contends that defendant has waived his right to seek modification of the decree relative to support and alimony payments under paragraph 8 of said decree, which provides as follows:

"Regardless of any change or changes in the financial, material or personal situations or circumstances of either plaintiff or defendant, from and after the date of the entry of the Judgment and Decree herein, neither party shall have the right to apply for any increase or decrease or modification of any of the provisions with respect to alimony, support money, college education and any other financial obligation imposed by and under the provisions of paragraphs 4. through 7., inclusive, hereinabove; and the parties hereto have waived any rights to apply for an increase, decrease or modification with respect to the subject matter referred to in this paragraph in consideration of all of the provisions contained in this Stipulation."

The decree incorporated the entire stipulation referred to in paragraph 8, which in part encompassed the allowance of substantial visitation rights to defendant. Plaintiff by her own actions has breached the terms of the decree. She will not be allowed to enforce one section thereof when her actions prevent the other party from obtaining benefits conferred by the decree.

■ Finally, plaintiff contends that Minn. St. 518.175, subd. 3, is unconstitutional as an abridgement of her right to be free to travel throughout the United States, uninhibited by statutes, rules, or regulations which unreasonably burden this movement. Plaintiff relies primarily on Shapiro v. Thompson, 394 U. S. 618,

---

[2] We believe it is necessary for the complete protection of the non-custodial parent that an order of the court be obtained relieving him of his obligation for payment of alimony since the equitable defenses are not available in an action based on accrued payments due under the decree of divorce. See, Richter v. Richter, 126 N. W. 2d 634 (N. D. 1964).

89 S. Ct. 1322, 22 L. ed. 2d 600 (1969); Graham v. Richardson, 403 U. S. 365, 91 S. Ct. 1848, 29 L. ed. 2d 534 (1971); and Dunn v. Blumstein, 405 U. S. 330, 92 S. Ct. 995, 31 L. ed. 2d 274 (1972). She claims that absent a compelling state interest any abridgement of her freedom to travel violates the equal protection clause of the Fourteenth Amendment.

The state, as intervenor, challenges plaintiff's standing to attack the statute on a constitutional ground, since the statute is not the basis of any sanctions imposed against her. We agree. As indicated previously, the statute imposed conditions for the court to consider in the exercise of its discretion. Minn. St. 518.175, subd. 3, states that the custodial parent shall not remove the residence of the child to another state, except upon order of the court or with consent of the noncustodial parent. The sanctions imposed by the court are independent of the statute and are brought into play not by the operation of the statute but by the exercise of the discretion of the trial court. There is no constitutional issue before us.

The orders of the trial court are affirmed, except for those matters remanded to the trial court for further findings consistent with this opinion.

Affirmed in part, vacated in part, and remanded. Neither party shall be allowed costs or attorneys' fees on this appeal.