Kristin Lee SCOTT,
Petitioner, Appellant,

v.

**Daniel Clinton SCOTT, Respondent.**

No. C1–85–138.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Roger S. Van Heel, Stearns Co. Atty., Richard J. May, Asst. Stearns Co. Atty., St. Cloud, for appellant.

Daniel Clinton Scott, pro se.

Considered and decided by CRIPPEN, P.J. and SEDGWICK and NIERENGARTEN, J., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant, the custodial parent of a minor child, disputes an order which redetermines respondent's child support obligation. We affirm the trial court's partial forgiveness of support in arrears, and we reverse and remand on the court's decision to alter respondent's future obligation.

## FACTS

The marriage of the parties was dissolved in 1981, and custody of the couple's minor child placed with appellant Kristin Scott. Respondent was to have reasonable visitation privileges. He was required to pay $1,450 per year child support, but that obligation was reduced to $1,200 two years later.

In August 1984, appellant moved to enforce the child support obligation. When the court acted in December, respondent owed $100 child support for 1983 and $1,200 for 1984.

The trial court found that respondent was not in contempt, and $700 support in arrears was forgiven. A trial court finding said that respondent had no ability to pay all the support due in 1983 and 1984.

The trial court also found that respondent's earning capacity was changed and that his earnings are based on the miles he drives as a mobile home transport employee. The court concluded that respondent should pay $.01 future child support for every mile he drives in pulling a mobile home. ·

Appellant contends the child support decision improperly disregarded statutory child support guidelines. Further, because respondent made no motion to modify his obligation, appellant contends the trial court had no power to forgive some support in arrears or change the future obligation.

## ISSUES

1. Could the court modify a child support obligation in a contempt proceeding where the obligor made no motion for that relief?

2. Could the court set the amount of child support without a determination of the obligor's monthly income?

## ANALYSIS

1. The court may modify a child support award from time to time "on the petition of either of the parties or on petition of the public authority responsible for support enforcement." Minn.Stat. § 518.64, subd. 1 (1984). Appellant contends that modification relief cannot be awarded without an appropriate motion.

■ The jurisdiction of trial courts in dissolution matters is "equitable" in nature, and the trial court can grant relief that is required in these cases to justly deal with the interests of the parties. *Johnston v. Johnston*, 280 Minn. 81, 86, 158 N.W.2d 249, 254 (1968); *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 758 (Minn.1981). This power of the court is "inherent" due to its equity jurisdiction. *DeLa Rosa*, 309 N.W.2d at 758.

The Minnesota Supreme Court has previously dealt with the reference to a petition in Minn.Stat. § 518.64. In *Gannon v. Gannon*, 258 Minn. 57, 102 N.W.2d 677 (1960), the court affirmed a reduction of the respondent's support obligation, in proceedings where the appellant had asked for an increase of the award and respondent had made no motion. The supreme court said:

> While the husband's petition did not specifically ask for a reduction in support payments for Gary, the court's power under M.S.A. §§ 518.18 and 518.64 was sufficiently broad to permit consideration of *the entire matter* including a reduction as well as an increase of the amount of the payments. Under the circumstances we are of the view that the district court had jurisdiction to make *whatever orders it deemed appropriate regarding the matter of support and maintenance of the parties' children.*

*Id.*, 258 Minn. at 60, 102 N.W.2d at 680. (emphasis added).

■ Here appellant moved for enforcement relief on a child support obligation, and we conclude that the trial court had jurisdiction to modify the award under section 518.64, for the future or retroactively.

■ 2. When the court finds cause to modify a child support award, it must utilize the guidelines of Minn.Stat. § 518.551, subd. 5 (1984). *Hadrava v. Hadrava*, 357 N.W.2d 376, 379 (Minn.Ct.App.1984). Under the guidelines statute, the support obligation may be calculated as charted, or the court may depart from the guidelines for reasons indicated in express findings of fact. *Linderman v. Linderman*, 364 N.W.2d 872, 875 (Minn.Ct.App.1985).

■ Calculation of child support under statutory guidelines requires a determination of the obligor's "net income." Minn.Stat. § 518.551, subd. 5 (1984). *See* Minn.Stat. § 518.54, subd. 6 (1984).

■ Alternatively, when departure is considered, findings must address the "financial resources" of the obligor, but must also consider the obligor's needs and the resources and needs of the child and the custodial parent. *Linderman*, 364 N.W.2d at 875; Minn.Stat. § 518.17, subd. 4 (1984).

Here the trial court made no finding as to the amount of respondent's periodic income. The court's findings furnish no basis for a calculation of child support under the charted statutory guidelines. Further, the court made no findings to support a departure from the guidelines charts. The resources and needs of the child and the custodial parent were not addressed, and the trial court made no findings on the needs of respondent. While the findings deal with respondent's resources, the variations in his earnings, they do not show respondent's actual earnings, or any facts which explain the significance of a child support award of one cent for every mile of driving while employed.

We conclude that the child support award is not supported by appropriate findings. While respondent's income may vary from month to month, so that the child support obligation may have to fluctuate, the trial court must normally create an obligation which is based on the actual net income of respondent and complies with the statutory guideline chart. Minn.Stat. § 518.551, subd. 5. To justify any other form of child support award, the court must depart from the guidelines and support its decision with careful findings under Minn.Stat. § 518.17, subd. 4.

### DECISION

The trial court's partial forgiveness of respondent's support in arrears is affirmed. The court's modification of the future child support award is reversed, and the matter is remanded for a proper determination of the future award, one which complies with appropriate statutes as analyzed in this opinion.

Affirmed in part, reversed in part and remanded.