MARGARET ANN FRUEN v. ROGER ALAN FRUEN.[1]

May 6, 1949.

No. 34,886.

[1]Reported in 37 N. W. (2d) 417.

*Chester G. W. Gustafson* and *Amherst Tautges,* for appellant.

*Dorsey, Colman, Barker, Scott & Barber* and *Henry Halladay,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff and defendant were divorced under the laws of Minnesota in March 1946. After the pleadings in that action were joined, the parties entered into a stipulation concerning certain provisions which the decree should contain, if the court deemed it proper, in the event the divorce was granted. The provisions of this stipulation, so far as pertinent here, were incorporated into the court's decree as follows:

"That plaintiff be awarded the permanent care and custody of David Arthur Fruen, aged five years, and Michael Barrett Fruen, aged two years, subject to defendant's absolute right and privilege to visit with the said minor children at any and all reasonable times, * * *.

"That defendant shall pay to plaintiff the sum of fifty dollars ($50.00) per month between the 1st and the 10th day of each month following the date upon which this decree of divorce shall have been entered as and for the support of the minor children of the parties until such time as they shall become of age."

On May 1, 1948, plaintiff applied to the trial court for an order modifying the order, judgment, and decree of the court in the original action by providing for an increase in the allowance for the support of the minor children of the parties. The ages of the children at the time of the hearing on the motion were approximately five and eight years. The motion was based upon the change in the material circumstances of the minor children and of the parties and upon the affidavit of plaintiff and the papers and briefs in the original proceedings. On July 29, 1948, the trial court entered an order denying the motion, and from this order plaintiff appeals.

Plaintiff contends in her affidavit that defendant earns a salary of at least $12,000 annually, is paid an annual bonus amounting to at least twice his salary, and that he has large assets in the form of real estate and personal property. This was denied by defendant.

Defendant states in his affidavit that in 1946 his income, after deductions for income taxes, was $11,560.65, in 1947 that it was $8,874.53, and that effective May 1, 1948, his salary will be $3,600 per year; that the only other income available to him from that date will be in the form of dividends on a small number of shares in the Fruen Milling Company and on account of interest payments on certain bonds which he owns in the company, but that such income cannot be determined or estimated, as it depends upon the profits, if any, which the company may make. The above statements are substantiated by testimony included in a deposition of the treasurer of the corporation employing defendant. Defendant was formerly a partner in a firm which dissolved and sold its assets to the corporation which now employs him. His equity in the partnership amounted to between $18,000 and $20,000, which he took out in subscriptions for four percent debenture bonds of the corporation, interest payable semiannually if earned. In addition, it is shown that defendant's assets include $6,000 worth of this same type of debenture bonds of the corporation, 60 shares of fully paid common stock in the corporation with a par value of one dollar per share, and 75 shares of fully paid five percent preferred stock in the corporation with a par value of $100 per share. In addition, defendant is the beneficiary of a trust of $1,000 in mortgage bonds of the corporation, the income from which he will receive upon reaching the age of 35 years.

Plaintiff remarried approximately six months after the divorce was granted and has since been widowed. She says in her affidavit that her second husband's estate, as shown in the inventory and appraisal, amounted to $52,051.64; that part of these assets included a note for $1,500, which was canceled by stipulation; that it was necessary for her to borrow $7,000 in order to pay a bequest of this estate; that the funeral expenses and claims allowed by the

probate court amounted to $9,356.49; and that it was necessary to dispose of most of the personal property to pay the claims and funeral expenses. She further states that she believes that it will be necessary for her to dispose of her home or mortgage it in order to pay all claims, funeral bills, taxes, expenses of administration, etc., in order to close the estate; that the children were two years older than they were at the time the divorce decree was made; that their needs and wants had increased proportionately; and that the costs for their care and support were greater than they were at the time the original provisions for their support were made.

Defendant claims in his affidavit that the net assets of the estate of plaintiff's second husband will be in excess of $100,000, which includes a large home valued at approximately $30,000, another year-around residence valued at $25,000, and three automobiles valued in excess of $5,000, and that the probate court has awarded plaintiff $750 per month for her maintenance during the administration of the estate. He further states that at the time of making his affidavit no inventory had been filed in the estate of plaintiff's second husband.

The trial court, in its memorandum made at the time of the order appealed from, stated that plaintiff, by stipulation at the time of the trial, settled all her financial interests growing out of her marriage with defendant. It further stated that there is a moral and legal obligation on the part of the mother also to contribute to the financial support of the children when she has ample means; that the evidence clearly shows that she is able to do so; and that the financial situation of defendant had not changed to such an extent as to warrant the court in interfering with the judgment.

The principal question for our consideration is whether there was an abuse of discretion on the part of the trial court in denying the motion for the order from which this appeal is taken.

■ "It is a fundamental rule of appellate procedure that the determination of a trial court of a matter resting in its discretion will not be reversed on appeal except for a clear abuse of discretion.

This discretionary power of the trial court must be exercised judi-cially, with close regard to all the facts of the particular case and in furtherance of justice. * * * In determining whether abuse of discretion is shown the supreme court construes the findings of the trial court in the light.of the record." 1 Dunnell, Dig. §´399.

■ It is apparent from its memorandum that the trial court considered, among other things, in making its order that plaintiff had settled matters with defendant in her stipulation at the time of the trial. We do not believe that because plaintiff stipulated with defendant on a basis of $50 per month for the support of the two minor children at the time of the divorce in 1946 such stipula-tion would preclude her from requesting additional support money for the children if at some future time conditions changed to such an extent that the amount provided in the stipulation would be inadequate.

M. S. A. 518.23 provides:

"After an order or decree for alimony, or other allowance for the wife and children, or either of them, * * * the court, from time to time, on petition of either of the parties, may revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof, * * * and may make any order respecting any of these matters which it might have made in the original action."

Randall v. Randall, 181 Minn. 18, 231 N. W. 413, involved several applications for modifications of a divorce decree, one of which was made by the husband more than two years after the original decree had been entered. After a hearing on the husband's application, a stipulation between the parties, approved by the court, became the basis for an order that the husband should convey to his wife a certain lot with improvements in lieu of all alimony and support money for the minor children. On appeal to this court, the husband contended that,'since the order was founded upon a stipulation, freely made by the parties, it became final and conclusive and was

not subject to revision by the court. The court there said (181 Minn. 19, 231 N. W. 413):

"* * * This position is untenable. The statute expressly empowers the court to revise, alter and amend from time to time the provision for alimony and the support of the children. * * * The fact that the provision for alimony and support of the children was agreed upon by the parties and was incorporated in the decree pursuant to a stipulation made by them does not affect the power to make subsequent changes therein conferred upon the court by the statute."

2 Nelson, Divorce and Annulment (2 ed.) § 15.58, states in part:

"* * * In a separation agreement parents may include reasonable and fair provisions with respect to the support and maintenance of their minor children, which the courts will recognize and enforce, but when the amount prescribed in the contract is inadequate for the reasonable support of the children, or the agreement with respect to the children is otherwise detrimental to their best interests, the courts may refuse to enforce such provisions."

It seems clear that it is within the discretion of the trial court to revise, alter, and amend the provisions of a divorce decree for support of children from time to time if changing conditions warrant it, even though such provisions were agreed upon by the parties to the divorce and were incorporated in the decree pursuant to a stipulation.

■ The next question for consideration, in view of the court's memorandum, is that of the duty of parents to support the children under a fact situation such as we have before us. Here, we have a case where plaintiff obtained custody of the children, remarried, and subsequently became a widow as a result of the death of her second husband. It is apparent that she came into quite a substantial estate following the death of her husband. She claims that while this estate was inventoried and appraised at $52,051.64 it was necessary to dispose of most of the personal property she received to pay claims and funeral expenses; that she had to borrow $7,000

in order to pay a bequest; and that she believed it would be necessary to dispose of her home or mortgage it in order to pay all claims, funeral expenses, taxes, expenses of administration, etc., in order to close the estate.

Defendant, without seeing an inventory or appraisal, claimed that the net assets of the estate of plaintiff's second husband exceeded $100,000, although he estimated $55,000 of this as the value of a home in Minneapolis and a year-around residence in the vicinity of Anoka. He claims that any additional payment from him over the $50 stipulated at the time of the decree for the support of the two minor children is unnecessary and that plaintiff's request for increased support money is an effort on her part to obtain alimony for herself so as to permit her to travel in Minnesota and elsewhere while the children are left in the care of strangers or relatives or at school and without adequate parental guidance. He further contends in his affidavit that if the minor children of the parties are in need at any time he is ready and willing to do whatever is within his financial capacity to aid and support them, or to assume actual care and custody of them, but he says that he is unwilling to contribute to the support of or to pay alimony to plaintiff. His position is that he is not required to do so by the judgment and decree in the divorce matter or by the stipulation of the parties.

We are not concerned in the case before us with any dispute between plaintiff and defendant as to alimony or custody of the children, but only with the question of whether or not there was an abuse of discretion in not allowing plaintiff an increase over the amount stated in the stipulation at the time of the divorce decree for the support of the children. This court has clearly set forth the duties as between the father and mother to furnish this support in Haugen v. Swanson, 222 Minn. 203, 206, 23 N. W. (2d) 535, 536, decided June 21, 1946, a few months after the decree and stipulation were made in the case at bar. In that case we said:

"It is the duty of the father of a minor child to support it if he is able to do so. In re Guardianship of Soltis, 177 Minn. 571, 573,

225 N. W. 896, 897; Spencer v. Spencer, 97 Minn. 56, 60, 105 N. W. 483, 484, 2 L.R.A.(N.S.) 851, 114 A. S. R. 695, 7 Ann. Cas. 901; In re Besondy, 32 Minn. 385, 387, 20 N. W. 366, 367, 50 Am. R. 579; Dennis v. Clark, 2 Cush. (Mass.) 347, 48 Am. D. 671; Furman v. Van Sise, 56 N. Y. 435, 15 Am. R. 441; 2 Kent's Com. (13 ed.) pp. 191-192; 39 Am. Jur., Parent and Child, § 36. See, State v. Strong, 192 Minn. 420, 256 N. W. 900; State v. Johnson, 216 Minn. 427, 13 N. W. (2d) 26, 155 A. L. R. 23; Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901; Laff v. Laff, 161 Minn. 122, 200 N. W. 936. As between the parents, the father is under the primary duty of supporting their minor children, and the mother, where the children lack means to support themselves, a secondary one. In re Besondy, *supra;* Zilley v. Dunwiddie, 98 Wis. 428, 74 N. W. 126, 67 A. S. R. 820, 40 L. R. A. 579. The father of a child will not be relieved of liability to support it except where his inability to do so clearly appears. It is the father's duty to do the best he can to support the child in the manner suitable to his station and circumstances. State v. Langford, 90 Or. 251, 176 P. 197, citing State v. McPherson, 72 Wash. 371, 130 P. 481, Ann. Cas. 1914D, 587."

Plaintiff claims that since the stipulation was entered into between her and defendant on March 6, 1946, the needs and wants of the two minor children, now approaching ages six and nine, have increased proportionately. She contends that it costs more for their care and support than it did at the time the original stipulation was made. While it may not be necessary for this court to take judicial notice of this situation, we believe that most parents of growing boys will attest to that fact. We are compelled to say that if the father of these boys can be relieved from any further support over $50 a month his expense will be very reasonable indeed.

While it is the primary duty of the father to support the minor children, we must take into consideration his income and ability to do so. He claims in his affidavit that in 1946 his income, after income tax deductions, was $11,560.65; in 1947 that it was $8,874.53; and that effective May 1, 1948, his salary would be $3,600 a year.

He admitted that in addition to this there might be some earnings in connection with his holdings in the milling company, but that such earnings were subject to business uncertainties and conditions.

In Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, this court disagreed with the defendant's contention that for the purpose of computing allowances to be awarded to a wife his income should be taken as an average for a period of six years rather than the income for the year preceding the award. We also said that it was pertinent to inquire as to the amount he earned in other years to determine whether because of extraordinary reasons his income for a particular year was no guide.

It is apparent from the record here that defendant is a substantial businessman, with an interest in the company by which he is employed. Even assuming that his income for 1946 and 1947 was a good deal more than he will receive commencing May 1, 1948, he still admits a $3,600 salary from that time on, with the possibilities of some earnings from his interest in the milling company. We believe that under the circumstances he should be able to pay a greater amount than $25 a month for the support of each of these minor children. He indicates in his affidavit that any increase from him for their support is unnecessary. An investigation into the cost of clothing, shoes, food, books, doctor bills, and general necessities in connection with the rearing of two young American boys in this day and age should disclose that a $25-per-month contribution from their father for the support of each of these children will probably fall considerably short of the actual amount necessary.

We believe that here there was an abuse of discretion in denying plaintiff's motion for an increase in support money under the facts and circumstances of this case.

Plaintiff is allowed $250 attorneys' fees and costs and disbursements in this court.

Reversed.