In re the Marriage of Lea Marie COVINGTON, f.k.a. Lea Marie Markes, Petitioner,

v.

Steven Paul MARKES, Appellant.

No. C3–84–2009.

Court of Appeals of Minnesota.

April 30, 1985.

Peter H. Watson, Spicer, Watson and Carr, Minneapolis, for petitioner.

Linda P. Aaker, University Student Legal Service, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

LESLIE, Judge.

Appellant Steven Markes appeals from an amended judgment modifying the original dissolution decree and ordering him to pay respondent Lea Covington $120 per month in child support. We affirm.

## FACTS

A judgment entered in February 1983 dissolved the parties' marriage and awarded them joint legal and physical custody of their two children, aged 11 and 8. Under the original decree the parties alternate weekly physical custody of the children, paying the children's expenses during the week they have custody. The original decree contains no order for child support. The decree divided the parties' property by awarding respondent the homestead and a 1972 Plymouth, and appellant a 1971 Ford.

In February 1983 appellant was in his final year of pharmacy school. He earned an annual net income of approximately $11,000. By April 1984, the time of the district court hearing, appellant's net annual income rose to approximately $20,000. His liabilities rose as well. In November 1983 he purchased a house so that he could live in the children's school district. That purchase brought his housing costs to $1,088 per month. He also began making student loan payments of $130 per month.

In February 1983 respondent earned a net income of approximately $12,000 annually. Her income remained unchanged in April 1984. With $200 monthly mortgage payments on the parties' former homestead, her monthly housing costs totaled approximately $310. The only substantial change in respondent's financial condition resulted from her purchase of a 1983 Ford Escort, with payments of $140 per month plus added monthly insurance costs of $21.

## ISSUE

Did the trial court abuse its discretion by modifying the original judgment and decree to obligate appellant to pay child support of $120 per month?

## ANALYSIS

A motion for modification of child support should only be granted when a substantial change in circumstances has occurred. *See* Minn.Stat. § 518.64 (1982). A party seeking a change in the amount of support payments "must show that the support terms are unreasonable and unfair because either (a) the earnings of a parent have substantially increased or decreased, or (b) the need of a party has substantially increased or decreased; and the court shall further consider the needs of the children * * *." *Heaton v. Heaton*, 329 N.W.2d 553, 554 (Minn.1983) (emphasis deleted).

Appellant first argues that his increased income does not constitute a substantial change in circumstances because that increase was contemplated in the original dissolution decree. *See Abbott v. Abbott*, 282 N.W.2d 561, 564 (Minn.1979); *Kleinhuizen v. Kleinhuizen*, 354 N.W.2d 588, 590 (Minn.Ct.App.1984). Appellant refers to language in the original findings of fact stating that respondent will graduate in June 1983 and that his expected income will be $20,000 to $25,000 per year. While the findings show the court anticipated appellant's income would rise, the decree does not show the trial court relied upon that increase when it ordered that neither party pay child support. The conclusions of law provide in part: "Based on the findings of the Court relative to the financial condition of the parties and relative to the property settlement of the parties including the benefit provided by the low principal and interest payments on the homestead, the Court hereby orders that neither party shall pay child support to the other party *until there has been a substantial change in the circumstances of the parties or either of them.*"

Appellant also contends that no substantial change in circumstances occurred and that the order requiring him to pay $120 per month in child support unfairly burdens him. Appellant points out that his net income after payment of housing expenses roughly equals respondent's net income after housing expenses. Therefore requiring him to pay child support leaves him with about $240 per month less to support himself and provide for 50% of the children's needs than respondent has to meet her needs and pay her share of the children's expenses. Appellant claims that the trial court erred by relying in part upon respondent's new car expenses when he too presented evidence that he needs to replace his 1971 automobile. According to appellant, the trial court further erred when it failed to consider his monthly student loan payments of $130.

A trial court's determination of whether a change of circumstances has occurred involves use of its broad discretion. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn. Ct.App.1984). We will not disturb its decision absent a showing that it abused that discretion. *Id.*

Appellant demonstrates that he has considerably less expendable income under the modified order than respondent. He presents a solid case that he will bear a disparate portion of the parties' child support burdens. Nonetheless his financial condition substantially results from his decision to purchase a home. While we approve of his motive, he chose to divert a substantial amount of his income into that investment and away from his disposable finances. Although the trial court may have erred by failing to give his need for a new car fair consideration and by failing to consider his student loan payments, those errors merely lessen the change brought about by appellant's increased earnings. Considering the children's needs, we can not conclude that imposition of a $120 per month in child support payments for two children constitutes an abuse of discretion when, as here, a party's income nearly doubles.

## DECISION

The trial court did not abuse its discretion by modifying the original dissolution decree to order appellant to pay $120 per month in child support.

Affirmed.

RANDALL, J., concurs specially.

RANDALL, Judge (concurring specially).

I concur with the majority in the affirmance of the trial court's order, since I believe the statutory and case law dictate that result. For cases like this one, however, I believe the supreme court should formulate a narrow exception to Minn.Stat. § 518.64 governing modifications of child support orders, to be applied when there has been a stipulation in which child support and expected income changes have been used as bargaining chips in a property settlement.

The rule I would propose is that when an anticipated increase or decrease in earnings materializes within a year or so after a marriage dissolution, it may not be used as the basis for an increase or decrease in child support if the amount of child support was stipulated at the time of the dissolution and the anticipated increase or decrease in earnings was taken into account in negotiating the child support figure.

Such a rule would lead to a fairer result here. In this case, the stipulation the parties entered into at the time of the dissolution was obviously the product of extensive negotiations involving two parties who were in command of all the facts, and knew what they wanted. The stipulation reveals that the parties even took into account appellant's projected salary after leaving school; yet, with full knowledge appellant would be earning approximately $20,000 per year within one year from the dissolution, respondent agreed to no direct payments for child support in return for other concessions in the property settlement. Respondent was awarded all rights to the parties' homestead and its thirty-year 6% contract for deed. It is not disputed that the thirty-year fixed contract at well below market interest rates was a gift to appellant and respondent in consideration of their marriage from appellant's side of the family, yet appellant, through negotiations, allowed respondent all right, title and interest in the contract. As a result of appellant agreeing to give respondent the housing in that contract, her housing cost is $392 per month, and that is fixed for the life of the contract. Respondent's attorney agrees that, absent this favorable mortgage, a realistic figure for comparable housing costs would be in the $800–1,000 per month range.

It is clear that appellant gave up all interest in the homestead and its favorable financing in exchange for something. That "something" included not being required to pay child support based on the salary the parties projected he would be earning. The amount of respondent's income that would have gone toward paying market value for housing is freed up to provide extra support for the child. Requiring appellant to pay child support *and* allowing respondent to keep the imputed income from the favorable contract for deed is taxing the appellant doubly. The result here allows the respondent to keep the beneficial housing contract, something unlikely if child support payments had been negotiated or ordered at the outset, and still seek higher child support after a short lapse of time.