In re the Marriage of Philip C. WARNER, petitioner, Appellant,

v.

Phyllis A. WARNER, Respondent.

No. CX–86–469.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Philip C. Warner, St. Paul, pro se.

Mark A. McGrath, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Philip C. Warner appeals from an order amending a judgment and decree to provide that he pay child support and maintain medical and hospital insurance for the benefit of the parties' minor child. We affirm.

## FACTS

The parties' marriage was dissolved by judgment and decree dated May 22, 1981. The family court referee granted respondent Phyllis A. Warner custody of the minor child born July 15, 1975. At the time of dissolution, appellant worked as a law clerk for Ramsey County with a net monthly income of $480, and respondent worked as a medical records administrator with a net monthly income of $975. The court, after considering the financial resources of the parties, found that appellant did not have sufficient income to pay child support at that time. The court stated that respondent may petition the court at any time to review the matter. The court ordered that appellant maintain all medical and hospital insurance for the child available through his employment. Neither respondent nor

appellant sought review of this judgment and decree.

Appellant was graduated from law school in 1982, passed the Minnesota State Bar Examination, and was admitted to practice law in Minnesota in 1982. Respondent moved the court to modify the judgment and decree to require appellant to pay child support, to maintain medical and hospital insurance for the child, and to pay respondent's attorney's fees. On February 9, 1983, a family court referee recommended denying respondent's motion for child support. The court found that appellant still worked as a law clerk with a net monthly income of $711 and monthly expenses of $717.58. The court also found that respondent continued to work as a medical records administrator with a net monthly income of $1,250 and with monthly expenses of $859.93. The court reasoned as follows:

That under the financial circumstances as are set forth hereinabove, and until the Petitioner is able to obtain more remunerative employment as an attorney, there has not been the increase of the Petitioner or in the needs of Respondent and the minor child, so as to make the present reservation of support unreasonable and unfair. This is particularly true in light of the fact that, at the present time, the Respondent's income exceeds her and the minor child's monthly expenses.

The court ordered that upon becoming employed, "the Petitioner shall immediately report the facts and circumstances of his employment to Respondent's attorney, who may set an immediate hearing for review of the Petitioner's support responsibilities." Neither party sought review of this order.

Appellant remarried in 1983 while still employed as a law clerk. By letter dated February 21, 1984, appellant informed the court that he had become employed as an attorney in a law firm with an annual salary of $18,000. Appellant also advised the court that the law firm did not provide insurance benefits. In May 1984, appellant's current wife lost her job and received unemployment compensation. On September 9, 1984, appellant lost his job and received unemployment compensation through December 1984. During this time, appellant unsuccessfully sought employment at various law firms.

In January 1985, appellant started a solo law practice where he continues to practice at the present time. Respondent again moved the court for an order requiring appellant to pay child support, to recommence medical and hospital insurance, to reimburse respondent for all out-of-pocket medical expenses incurred since February 29, 1984, and to pay respondent's attorney's fees. Appellant moved to have respondent's motion dismissed and requested attorney's fees for himself.

In an order dated February 21, 1986, a family court referee concluded that the statement in the original judgment and decree "that 'the petitioner does not have sufficient income to contribute to the support of the minor child at this time' amounts to a reservation of petitioner's support obligation." The court ordered that the judgment and decree be amended to provide that appellant pay child support of $50 per month for six months, $100 per month for six months, and $200 per month thereafter until the minor child reaches age 18, or age 20 if still attending high school, or until the minor child becomes emancipated, self-supporting or further order of the court, whichever occurs first. In addition, the court ordered appellant to maintain medical and hospitalization insurance for the minor child through appellant's employment or through the State Bar Association group policy. Although the court denied respondent's motion for reimbursement for past medical expenses, the court ordered that the parties are equally responsible for future medical expenses incurred on behalf of the minor child that are not covered by insurance.

## ISSUES

1. Did appellant follow the proper procedure when he failed to request review by

the trial judge of the order amending the judgment and decree?

2. Did the trial court err in failing to require a substantial change in circumstances before ordering appellant to pay child support?

3. Did the trial court abuse its discretion in setting child support?

4. Did the trial court abuse its discretion by requiring appellant to purchase insurance for the benefit of the minor child?

## ANALYSIS

1. Respondent argues that this appeal must be dismissed because appellant failed to first request review by the trial judge. Minn.Stat. § 484.70, subd. 7(c) (1984) provides in part as follows:

> All recommended orders and findings of a referee shall be subject to confirmation by a judge. Review of any recommended order or finding of a referee by a judge may be by notice served and filed within ten days of effective notice of the recommended order or finding. * * * *

See also Minn.R.Civ.P. 53.05(2) ("Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties.").

In this case, the trial court countersigned the referee's recommendations thereby confirming them without independent review. See Minn.Stat. § 484.70, subd. 7(d). Appellant then appealed directly to this court. Neither the statute nor rule prohibits a party from bypassing independent review by the judge. If a party fails to request review by the judge within ten days, the order or judgment, which has been confirmed, becomes final. Nevertheless, attorneys generally would be ill-advised to bypass trial court review. Such review is in the nature of a motion for amended findings or a new trial and would affect the scope of review on appeal to this court accordingly. See Gruenhagen v. Larson, 310 Minn. 454, 246 N.W.2d 565, 569 (1976).

2. The trial court determined that the applicable statute was Minn.Stat. § 518.17, subd. 4 (1984) and not Minn.Stat. § 518.64, subd. 2 (1984). Appellant argues that because the judgment and decree did not specifically reserve support, the trial court erred in failing to apply Minn.Stat. § 518.-64, subd. 2. That provision provides that the court may modify a decree regarding child support only upon a showing that one of four changes in circumstances make the terms of the decree unreasonable and unfair. Minn.Stat. § 518.17, subd. 4, in contrast, does not require an initial showing of a change in circumstances. Rather, that provision provides that the court may order either or both parents to pay child support after considering all relevant factors, including the financial resources and needs of the child, of the custodial parent, and of the noncustodial parent.

In Mulroy v. Mulroy, 354 N.W.2d 66 (Minn.Ct.App.1984), this court held that the provisions of Minn.Stat. § 518.64, requiring the presence of a change in circumstances before child support may be modified, do not apply to the establishment of a child support award pursuant to a reservation of child support in the dissolution judgment and decree. The Mulroy court distinguished Englund v. Englund, 352 N.W.2d 800 (Minn.Ct.App.1984), in which this court affirmed the trial court's refusal to modify a child support provision in the decree unless the parties could show a change of circumstances. The Mulroy court stated as follows:

> In that case [Englund], unlike the instant matter, the court at the time of the decree had directed that the father was to be the sole support of the minor children. Under those circumstances, a child support determination had been made at the time of the decree. It was then proper to require that the provisions of Section 518.64 be met before that award was modified.

Mulroy, 354 N.W.2d at 69. There was no dispute in Mulroy that the decree specifically reserved the matter of child support.

In the present case, the parties dispute whether the language in the original decree operates as a reservation of child support. The relevant portion of the decree reads as follows:

> The Petitioner [appellant] does not have sufficient income to contribute to the support of the minor child at this time. The Respondent may petition the Court at any time to review the matter of child support based upon the then financial circumstances of Petitioner. Petitioner shall maintain all medical and hospital insurance upon said minor child at all times available through his employment.

Appellant relies on *Covington v. Markes*, 366 N.W.2d 692 (Minn.Ct.App.1985). In that case, the dissolution decree required the parties to alternate weekly physical custody and contained no order for child support. The trial court's conclusions of law provided in part as follows:

> Based on the findings of the Court relative to the financial condition of the parties and relative to the property settlement of the parties * * *, the Court hereby orders that neither party shall pay child support to the other party *until there has been a substantial change in the circumstances of the parties or either of them.*

*Id.* at 694 (emphasis in original). The court of appeals affirmed the trial court's finding of a change in circumstances under § 518.-64, subd. 2.

■ Respondent distinguishes *Covington* and argues that the language of the decree in the present case, as well as common sense, indicates a reservation of appellant's support obligation. We agree. The language of the trial court's order in *Covington* clearly indicated that the issue of child support was not being reserved and that a future modification would require a showing of a change in circumstances. In the present case, the decree indicates only that appellant does not have sufficient income to pay child support "at this time" and that respondent may petition the court "to review the matter of child support

based upon the then financial circumstances" of appellant. There is no indication that the trial court intended to order no award of child support. At the time of dissolution, appellant was still in law school and employed only part-time. The court had good reason to believe that the financial hardship was only temporary while appellant prepared for employment as a licensed attorney.

Because the language of the decree amounts to a reservation of appellant's support obligation, the trial court correctly determined that the provisions of Minn. Stat. § 518.64 requiring a change in circumstances do not apply. *See Mulroy*, 354 N.W.2d at 69.

3. Regardless of which statute applies, appellant argues that the trial court erred by failing to make specific findings of appellant's current net monthly income. Both § 518.17 and § 518.64 require the utilization and application of the support guidelines, Minn.Stat. § 518.551, subd. 5 (1984). In determining an initial child support obligation, the court must consider the noncustodial parent's "financial resources and needs." Minn.Stat. § 518.17, subd. 4(e); *Kramer v. Kramer*, 372 N.W.2d 364, 367 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn.1985). Appellant argues that although the trial court determined that he had a gross income in 1985 of $4,457, a proper determination of his net income would have reflected a net operating loss as a result of business expenses.

The trial court, in its order amending the decree, found that in 1985 appellant had business expenses of $5,900, plus unpaid business expenses of $1,072, and a gross income of $4,457. Appellant submitted monthly living expenses of $1,386. The court found that appellant's wife had a net monthly income in 1985 of $1,032. Relying on *Ferguson v. Ferguson*, 357 N.W.2d 104 (Minn.Ct.App.1984), the court considered appellant's past earnings in setting support. The court found that respondent and the minor child had current monthly living expenses of $1,752 and that respondent had a net monthly income of $1,370.

In *Ferguson*, the trial court noted that the obligor's income tax figures were not an accurate reflection of his earning ability because he had been self-employed for approximately two years after having been a wage earner. This court found no abuse of discretion in setting the child support award, stating that "the opportunity for a self-employed person to support himself yet report a negligible net income is too well known to require exposition." *Id.* at 108. The supreme court has held that a trial court may consider past earnings in setting child support "to determine whether because of extraordinary reasons his income for a particular year was no guide." *Fruen v. Fruen*, 228 Minn. 391, 399, 37 N.W.2d 417, 421 (1949).

■ In this case, appellant's income tax returns revealed that his adjusted gross income decreased from over $15,000 in 1982 and 1983 to $4,457 in 1985. In setting child support, the court cited *Ferguson* and reasoned as follows:

> That both parties, as natural parents, have a duty of supporting their minor child. The obligation, since the entry of the Judgment and Decree, has been primarily that of the respondent since the [appellant's] support obligation was reserved except for medical and hospital insurance which [appellant] was required to maintain through his employment, and which he did through February 28, 1984. In consideration of the factors set forth in 518.17, subd. 4 and of the fact that [appellant] has demonstrated an earning capacity at least as set forth in his tax returns in 1983 and 1984, and in consideration of the fact that [appellant] has graduated from law school, taken the Bar examination and has been admitted to practice law in the State of Minnesota, the [appellant] should be ordered to pay child support.

Furthermore, the trial court ordered child support to increase incrementally from $50 per month for six months, to $100 per month for six months, and finally to $200 per month. Assuming appellant's claim regarding his income is true, the trial court did deviate upward from the guidelines in setting this award. Minn.Stat. § 518.17, subd. 4 requires that the court consider "all relevant factors," including the noncustodial parent's "financial resources and needs." The court made it clear in its findings that it based the support order on appellant's earning capacity. The court also considered appellant's spouse's 1985 net monthly income of $1,032. It cannot be said that the trial court abused its discretion in setting this child support award.

■ 4. Finally, appellant argues that the court abused its discretion in ordering him to maintain medical and hospitalization insurance for the benefit of the minor child through his employment or the State Bar Association group policy. Minn.Stat. § 518.551, subd. 8 (1984) provides that each child support order shall include a provision naming the child as a beneficiary of any medical insurance available to the obligor on group basis through his or her employer or union. We find no abuse of discretion in requiring appellant to obtain insurance for the minor child through his solo law practice or otherwise.

### DECISION

The trial court properly applied Minn. Stat. § 518.17 and, within its discretion, properly set child support and required appellant to purchase insurance for the benefit of the minor child.

Affirmed.