**Michelle Laverne HESS, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C2–86–627.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 22, 1986.

Harold L. Stolpestad, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Respondent was arrested for driving while under the influence and failed the breath test. She petitioned for judicial review and, after a hearing, the trial court rescinded the revocation. The Commissioner of Public Safety appeals. We affirm.

## FACTS

On December 26, 1985, Officer Thomas Wasmund of the St. Louis Park Police Department received a radio call at approximately 1:03 a.m. that a car went off the road at Highway 7 and Jappa Avenue. He arrived at that intersection at approximately 1:05 a.m. and observed a blue Oldsmobile, without any occupants, on top of a six-foot snowbank two car lengths off the roadway.

At approximately 1:07 a.m., a vehicle driven by Mrs. Lee stopped at the intersection and respondent Michelle Hess got out of the vehicle. Respondent told the officer: "That is my car, but I wasn't driving." She said her friend, Mary, was driving. The officer approached the vehicle and spoke with Mary Lee, Mrs. Lee's daughter, who had two prior DWI convictions. The officer asked Mary Lee who was driving. Lee said she did not know who was driving. Wasmund then told Lee and respondent that he was investigating an accident, and unless he found out who the driver of the vehicle was, the vehicle would have to be towed and impounded. Mary Lee then said that Michelle was driving the car and respondent then admitted driving the car.

Wasmund observed that respondent was unsteady on her feet, had an odor of alcoholic beverage on her breath, slurred speech, and bloodshot eyes. He determined that respondent was under the influence of an alcoholic beverage, and placed her under arrest for the offense of operating a motor vehicle while under the influence.

Respondent testified at the implied consent hearing that she drove to the Uptown Bar with her friend Mary Lee. She testified that Mary Lee drove the vehicle from the Uptown Bar because she was too drunk to drive, and that Lee was driving at the time the vehicle slid off the road. She said that she informed Wasmund that she was driving, but that referred to earlier in the evening, and not to the time the vehicle landed in the snowbank. Respondent was under the impression that both she and Mary Lee would be arrested for DWI, and

testified she did not want to say Mary Lee was driving in front of her mother, Mrs. Lee.

The referee issued recommended findings and conclusions of law. He concluded that Wasmund had probable cause to believe that respondent was driving her motor vehicle when it went into the snowbank and that she was under the influence of an alcoholic beverage. He further determined that the Commissioner had not shown by a fair preponderance of the evidence that respondent was driving her vehicle at the time it went off the roadway or that she was under the influence at the time the vehicle left the roadway. The referee recommended that the revocation of driving privileges of the respondent be rescinded. The trial court signed the recommended findings of fact and conclusions of law and order. The Commissioner appeals.

### ISSUES

1. Was the trial court clearly erroneous in concluding the evidence was insufficient to show respondent was driving when the vehicle went off the roadway?

2. Did the Commissioner waive his right to raise the issues on appeal when he did not make objections to the referee's recommended order pursuant to Minn.R.Civ.P. 53.05(2)?

### ANALYSIS

1. The trial court determined that the Commissioner did not show by a fair preponderance of the evidence that respondent was driving her motor vehicle at the time it went off the roadway. The issue of whether respondent was actually driving may be raised at an implied consent proceeding. *Llona v. Commissioner of Public Safety*, 389 N.W.2d 210 (Minn.Ct. App.1986); *Roberts v. Commissioner of Public Safety*, 371 N.W.2d 605 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). The trial court's findings of fact may be reversed only upon a finding that they are clearly erroneous. Minn.R.Civ.P. 52.01; *Thorud v. Commissioner of Public Safety*, 349 N.W.2d 343, 344 (Minn.Ct.App.

1984). In this case, the matter turned on the credibility of the witnesses; we decline to find the trial court was clearly erroneous.

Appellant argues that the issue of actual driving was not raised and that the hearing was limited to a determination of whether the officer had probable cause. However, respondent specifically testified at some length as to the fact that she was not driving when the car went into the snowbank, without objection from the Commissioner, thus raising the issue. *Cf. Winder v. Commissioner of Public Safety*, 392 N.W.2d 21 (Minn.Ct.App.1986) (issue not before trial court, where neither raised in petition for judicial review nor at hearing and where driver did not testify).

2. Respondent contends the Commissioner should have objected to the referee's report pursuant to Minn.R.Civ.P. 53.05(2) prior to appealing, and that when he did not do so he waived the issues on appeal. Minn.R.Civ.P. 53.05(2) provides:

In an action to be tried without a jury the court shall accept the referee's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party *may* serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6.04. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence and may recommit it with instructions.

(Emphasis added).

A similar provision for review of recommended findings and orders of a family court referee can be found at Minn.Stat. § 484.65, subd. 9. In *Coady v. Jurek*, 366 N.W.2d 715 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. June 27, 1985), this court noted that: "We encourage parties to exhaust their remedy of review in the trial court before initiating an appeal." *Id.* at

718; *see Warner v. Warner*, 391 N.W.2d 870 (Minn.Ct.App.1986).

When a referee makes recommended findings and conclusions of law, a party is not required to object to the trial court under Rule 53.05(2) to preserve the issues for appeal.

We are aware that in *Sauter v. Wasemiller*, 389 N.W.2d 200 (Minn.1986), the supreme court reaffirmed the general rule that in order to preserve issues arising at trial for appellate review, counsel must move the trial court for a new trial pursuant to Minn.R.Civ.P. 59.01. We are not aware of any established rule providing that a party must make objections to a referee's report before the trial court pursuant to Rule 53.05(2) to preserve the issues for appeal.

We strongly encourage parties to avail themselves of this opportunity for review by a trial court judge of a referee's recommendations prior to appeal here.

### DECISION

The rescission of the revocation of respondent's driving privileges is affirmed.

Affirmed.