**In re the Marriage of Georgianna M. KIFFER, Petitioner, Respondent,**

**v.**

**James J. KIFFER, Appellant.**

**No. C6–87–608.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

James H. Hennessy, Moss & Barnett, Minneapolis, for respondent.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY*, JJ., with oral argument waived.

## OPINION

MULALLY, Judge.

This appeal is from an order denying appellant James Kiffer's motion for a reduction or elimination of spousal maintenance. The trial court approved the referee's recommended order. Appellant later filed in the trial court a notice of review of the referee's order. Minn. Stat. § 484.65, subd. 9 (1986). The notice of review was found to be untimely and was dismissed. We affirm.

## FACTS

Appellant James Kiffer and respondent Georgianna Kiffer were divorced on April 26, 1985, in Sarpy County, Nebraska. They had reached a "property settlement agreement," which was incorporated into the dissolution decree.

The property settlement agreement made the following provisions for alimony:

[II] A. The Husband shall pay as alimony to the Wife the sum of $650 per month commencing March 1, 1985, terminable only upon the death of either the Husband or the Wife.

B. It is specifically agreed that the amount and length of time of this alimony shall not preclude modification thereof by the Husband upon change of circumstances.

James Kiffer was a lieutenant colonel in the Air Force at the time of the divorce, with approximately 19 years of service as a psychologist. His pension rights were handled in the agreement as follows:

[V] C. *Pension Rights-United States Air Force.* The Wife hereby re-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

leases and waives any interest which she may have in the Husband's pension rights to be received upon his retirement from the United States Air Force. The parties acknowledge that the alimony payments, as heretofore set forth in Article II, have been computed so as to compensate for Wife's interest in said pension rights arising by reason of the seventeen and one-half years of marriage during which the Husband was in the military service.

Georgianna contends the alimony payment represented her share of appellant's pension, and opposed James' motion for modification or elimination of spousal maintenance.

James claims circumstances have substantially changed since the April 1985 divorce. He retired from the service in September 1986, and began a private psychology practice in Tokyo, Japan. His gross monthly income declined from $4,336 to $1,771. He also claims Georgianna's income has substantially increased.

Georgianna submitted an affidavit from her Nebraska attorney stating,

It was always agreed and understood that the [respondent] was fully capable of supporting herself * * *, and the alimony award was in lieu of a specific award of a percentage of his retirement pension.

An affidavit from James' Nebraska attorney states the pension benefits were only one factor in the alimony award. He states James received the entire pension to offset Georgianna's greater award of other marital property, and Georgianna received alimony because she wanted to stay home with the children and did not foresee using fully her CPA degree.

The referee found that James' retirement was contemplated at the time of the divorce and that maintenance had been set up in lieu of a division of the military pension. Therefore, the referee found no substantial change of circumstances. The recommended order was approved by the trial court as of January 6, 1987.

James' attorney prepared a notice of review which was not mailed until January 26, past the ten day limit. See Minn. Stat. § 484.65, subd. 9 (1986). A hearing was held and the trial court issued an order dismissing the notice of review as untimely. Appeal was taken from the January 6 order recommended by the referee and approved by the trial court. Georgianna had failed to serve a notice of the filing of the order. See Minn.R.Civ.App.P. 104.01.

## ISSUES

1. Is the order appealable?

2. Did the trial court abuse its discretion in denying modification of maintenance?

## ANALYSIS

### I.

Georgianna contends the January 6 order is not an appealable order, and that James has waived his right to appeal by not timely filing for district court review.

A referee's recommended order is not itself a final order. *Thomas v. Fey*, 405 N.W.2d 450, 453 (Minn.Ct.App.1987). The statute, however, provides for a trial judge to confirm a recommended order, even if no notice for district court review is filed. Minn.Stat. § 484.65, subd. 10 (1986). The statute does not require a party to seek review in the district court before pursuing an appeal. *See* Minn. Stat. § 484.65, subd. 9 (1986) (review by the district court "may be had").

In *Warner v. Warner*, 391 N.W.2d 870, 873 (Minn.Ct.App.1986), this court held that trial court review of a referee's recommended order is not a prerequisite to appellate review:

Neither the statute nor rule [Minn.R. Civ.P. 53.05(2) ] prohibits a party from bypassing independent review by the judge. If a party fails to request review by the judge within ten days, the order or judgment, which has been confirmed, becomes final. Nevertheless, attorneys generally would be ill-advised to bypass trial court review. Such review is in the nature of a motion for amended findings or a new trial and would affect the scope

of review on appeal to this court accordingly.

(Citations omitted); *see also Hess v. Commissioner of Public Safety,* 392 N.W.2d 586, 589 (Minn.Ct.App.1986) (Minn.R.Civ.P. 53.05 does not require trial court review of referee's recommended order to preserve issues for appeal).

## II.

James argues the trial court abused its discretion in denying his motion to reduce or eliminate spousal maintenance. The trial court found the parties contemplated James' retirement and that the maintenance was agreed to in lieu of a split of the pension benefits. James also argues the court failed to make the required findings and erred in considering parol evidence to interpret the property settlement agreement.

Having failed to timely file for review in the district court, James is precluded from raising an evidentiary issue. *Gruenhagen v. Larson,* 310 Minn. 454, 457–58, 246 N.W.2d 565, 569 (1976); *Warner v. Warner,* 391 N.W.2d at 873. However, a dissolution provision ordering monthly payments termed "alimony" or "maintenance" but bearing the characteristics of a property settlement, is ambiguous. *Landwehr v. Landwehr,* 380 N.W.2d 136, 139 (Minn.Ct. App.1985). The "alimony" provision here was not only stated to be in lieu of Georgianna's one-half interest in James' pension, but was a lifetime award in an amount approximating that interest and was not terminable even upon her remarriage. Thus, the trial court was justified in considering parol evidence of pre-settlement negotiations. *ICC Leasing Corp. v. Midwestern Machinery Co.,* 257 N.W.2d 551, 554 (Minn.1977).

James' Nebraska counsel states alimony was awarded because Georgianna wanted to stay home with the children and therefore did not foresee using fully her CPA degree. This reconstruction of the negotiations is not persuasive since the children were 15 and 16 years of age at the time of the settlement. Although Georgianna was underemployed at the time, she was a CPA and there is no perceivable basis for agreeing to permanent lifetime alimony. Moreover, the amount of "alimony" is very close to the amount Georgianna would have received from a 50–50 split of the pension benefit and is expressly stated to be computed on that basis. Finally, if James' retirement date was uncertain, as he contends in arguing it is a change of circumstances, the parties could not have calculated Georgianna's share in his pension and approximated it in the "alimony" award.

The trial court did not clearly err in concluding the "alimony" provision was part of the property settlement. Nor was the court required to make detailed findings beyond its finding that a substantial change in circumstances had not been shown. *See Tuthill v. Tuthill,* 399 N.W.2d 230, 232 (Minn.Ct.App.1987) (court denying modification not required to make particularized findings beyond a failure to show substantial change in circumstances). The court's decision here was that "alimony" was in reality a part of the non-modifiable property settlement, not that a change of circumstances was statutorily insufficient. Further findings were not required for appellate review.

## DECISION

The recommended order, as confirmed by the trial court, is an appealable order. The trial court did not clearly err in finding the "alimony" provision part of the property settlement.

Affirmed.